IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJYMAN A. HOLLOMAN,<br><br>    Petitioner,<br><br>v.<br><br>FRANCISCO JACQUEZ, WARDEN,<br><br>    Respondent. | No. C 09-1868 SBA (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AS UNTIMELY**<br><br>(Docket no. 10) |

## INTRODUCTION

Petitioner Benjyman Hollomon, a former state prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In an Order dated October 19, 2009, the Court ordered Respondent to show cause why the petition should not be granted. Respondent has filed a motion to dismiss the present petition as untimely under 28 U.S.C. § 2244(d), the statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Petitioner did not file an opposition to Respondent's motion.

For the reasons discussed below, the Court GRANTS Respondent's motion to dismiss.

## PROCEDURAL BACKGROUND

On April 24, 2006, the trial court sentenced Petitioner to eight years and four months in prison for multiple drug related offenses. (Resp't Ex. 1.) On May 16, 2007, the California Court of Appeal affirmed the judgment in an unpublished opinion. (Id.) Petitioner did not seek discretionary review of the appellate court's decision in the California Supreme Court..

On October 1, 2008, Petitioner filed a state habeas petition in the California Supreme Court. (Resp't Ex. 3.) On March 25, 2009, the California Supreme Court denied the petition. (Id.)

On April 23, 2009, Petitioner filed the instant federal habeas petition.[1]

---

[1] A pro se federal habeas petition is deemed filed on the date it is delivered to prison authorities for mailing. See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002) (holding that a federal or state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for filing, rather than the date it is received by the courts). April 23, 2009 is the date the present petition was signed and the earliest date that the petition could have been delivered to prison authorities for mailing. The Court assumes for the purposes of this discussion that the petition was delivered to prison authorities on that date.

**DISCUSSION**

AEDPA imposes a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences generally must be filed within one year of the date on which the judgment became final after the conclusion of direct review or the time passed for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). If a petitioner could have sought review by the state appellate or the state supreme court, but did not, the limitation period will begin running against him the day after the date on which the time to seek such review expired. See Smith v. Duncan, 297 F.3d 809, 812-13 (9th Cir. 2002) (limitation period began running day after time to seek discretionary review of California Court of Appeal's decision in the Supreme Court of California expired, which was forty days after the Court of Appeal filed its opinion) (citing Cal. Rules of Court 24(a), 28(b), 45(a); Cal. Civ. Proc. Code § 12a).

In the present case, the California Court of Appeal affirmed Petitioner's conviction on May 16, 2007. (Resp't Ex. 2.) The judgment became final for purposes of the AEDPA statute of limitations forty days later, on June 25, 2007. Accordingly, Petitioner was required to file a federal habeas corpus petition no later than June 25, 2008. See 28 U.S.C. § 2244(d). Because Petitioner did not file the present petition until April 23, 2009 -- 303 days after the limitations period had expired -- the petition is untimely unless he can show that he is entitled to tolling.

**I.     Statutory Tolling**

AEDPA's one-year limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). The limitations period is also tolled during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court. Carey, 536 U.S. at 223. In California, where prisoners generally use the State's original writ system, this means that the limitations period remains tolled during the intervals between a state court's disposition of an original state habeas petition and the filing of the next original state habeas petition in a higher court, provided the prisoner did not delay unreasonably in seeking review in the higher court. See id. at 220-25.

Petitioner's state habeas petition was filed on October 1, 2008, ninety-nine days after the limitations period expired on June 25, 2008 . However, a state habeas petition filed after the AEDPA's statute of limitations ended cannot toll the limitations period. See <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed) (holding that Oregon's two-year limitations period for the filing of state habeas petitions does not alter the operation of the AEDPA, even though prisoners who take full advantage of the two-year period will forfeit their right to federal habeas review). Section 2244(d)(2) cannot "revive" the limitations period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period has expired, "collateral petitions can no longer serve to avoid a statute of limitations." <u>Rashid v. Kuhlmann</u>, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).

Accordingly, Petitioner's state habeas petition, which was filed on October 1, 2008, does not revive the limitations period that has already run. Therefore, the instant federal habeas petition is untimely because statutory tolling does not apply.

## II.     **Equitable Tolling**

The one-year limitations period can be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar. <u>Calderon v. United States District Court (Beeler)</u>, 128 F.3d 1283, 1288 (9th Cir. 1997). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling will not be available in most cases because extensions of time should be granted only if "extraordinary circumstances beyond [a] prisoner's control make it impossible to file a petition on time." <u>Beeler</u>, 128 F.3d at 1288 (citation and internal quotation marks omitted). The prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness." <u>Spitsyn v. Moore</u>, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). The Ninth Circuit has said that the petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." <u>Miranda v. Castro</u>, 292 F.3d 1063, 1065 (9th Cir. 2002). Whether equitable tolling is in order turns on an examination

of detailed facts. Lott v. Mueller, 304 F.3d 918, 923 (9th Cir. 2002).   Petitioner has not alleged individual facts warranting equitable tolling. Therefore, Petitioner has not demonstrated that he is entitled to equitable tolling.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Respondent's motion to dismiss the petition as untimely; the petition is hereby DISMISSED with prejudice. The Clerk of the Court shall terminate all pending motions, enter judgment and close the file.

This Order terminates Docket no. 10.

IT IS SO ORDERED.

DATED: 6/1/10

_Saundra B Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge

G:\PRO-SE\SBA\HC.09\Hollomon1868.grantMTD.frm

|   |   |
|---|---|
| UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA |   |
| BENJYMAN A HOLLOMON,<br><br>        Plaintiff,<br><br>  v.<br><br>FRANCISCO JACQUEZ et al,<br><br>        Defendant. | Case Number: CV09-01868 SBA<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 2, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Benjyman Anthony Hollomon
156 N. Claremont Street
San Mateo, CA 94401

Dated: June 2, 2010

                      Richard W. Wieking, Clerk
                      By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\HC.09\Hollomon1868.grantMTD.frm